UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

DORETHA WILEY                                                                                              PLAINTIFF

VS.                                                              CIVIL ACTION NO.: 3:06cv00679-DPJ-JCS

JOHN E. POTTER                                                                                          DEFENDANT

**ORDER**

This employment dispute between Plaintiff Doretha Wiley and Defendant John E. Potter, Postmaster General, United States Postal Service, is again before the Court on Defendant's Supplemental Motion to Dismiss or in the Alternative, Motion for Summary Judgment [59]. The Court, having fully considered the parties' submissions and the applicable law, finds that Defendant's motion should be granted.

**I.    Facts and Procedural History**

This case was previously before the Court on Defendant's motions to dismiss [37] and for summary judgment [50]. On March 18, 2008, the Court granted Defendant's motions with respect to the discrimination claims, but denied the motions as they related to the breach of contract claim because Defendant did not address the claim until its reply memorandum. With consent of the parties, and in the interest of judicial economy, the Court allowed Defendant to file this untimely supplemental motion to dismiss that is now ripe for consideration.

The Court's March 18 Order provided the relevant facts and procedural history and is adopted herein by reference. Relevant to this motion is the settlement agreement Plaintiff and Defendant entered in 1998 as a result of a different employment dispute (hereinafter "1998 Settlement Agreement"). Plaintiff contends that the agreement gave her a contractual right to work a specific shift and that Defendant breached the agreement. *See* Complaint ¶¶ 64-66. It

appears from the Complaint and Plaintiff's response to the present motion that she intended to pursue her breach of contract claim under common law. Defendant's present motion contends that common law claims are preempted by the Civil Service Reform Act of 1978, 5 U.S.C. § 1101 et seq. ("CSRA"). Alternatively, Plaintiff seeks leave to proceed under the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16, but Defendant argues that such a claim would still fail because Plaintiff never exhausted her administrative remedies as required by 29 C.F.R. § 1614.504.

**II.   Analysis**

The first task is to determine the appropriate standard. Although Defendant moved under Rules 12(b)(1), 12(b)(6), and alternatively under Rule 56(c), neither party suggested which rule applies. The Court concludes that the preemption and exhaustion issues should be decided under Rule 12(b)(6). *See Grisham v. United States,* 103 F.3d 24, 25 (5th Cir. 1997) (applying 12(b)(6) to CSRA preemption issue); *Oaxaca v. Roscoe*, 641 F.2d 386, 391-92 (5th Cir. 1981) (holding that federal employer's failure to exhaust defense should be addressed under Rule 12(b)(6) rather than Rule 12(b)(1)). Moreover, because the Court has considered materials outside the pleadings with respect to the exhaustion issue, that portion of the motion is properly considered under Rule 56(c). The standards under each rule are well known and will not be repeated. *See Bell Atl. Corp. v. Twombly*, --- U.S. ----, 127 S. Ct. 1955, 1974 (2007) (analyzing Rule 12(b)(6) standard); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (analyzing Rule 56(c) standard); *Williams v. Wynne*, 533 F.3d 360, 365 (5th Cir. 2008) (contrasting Rule 12(b)(1) and 12(b)(6) standards).[1]

---

[1] The Court acknowledges that there is more to this issue. Several (mostly unpublished) CSRA preemption opinions have applied either Rule 12(b)(1) or 12(b)(6). *Compare Clary v. Brownfield*, No. 00-10656, 2001 WL 85903, at *1 (5th Cir. Jan. 24, 2001) (unpublished table opinion) (analyzing CSRA preemption argument under Rule 12(b)(6)) *with Galvin v. F.D.I.C.*, No. 94-20522, 1995 WL 84520, at *2 (5th Cir. Feb. 16, 1995) (unpublished table decision)

**III.    Analysis**

Plaintiff claims Defendant breached the 1998 Settlement Agreement when it changed her shift. Plaintiff pursued her breach of contract claim under common law, but common law claims against federal employers are preempted by the CSRA. "Given the remedial system set forth in the CSRA, [the Fifth Circuit Court of Appeals has] held that the CSRA provides the exclusive remedy for claims against federal employers, thereby precluding any other causes of action." *Crawford*, 245 F. App'x at 374 (citing *Grisham*, 103 F.3d at 26 (per curiam); *Rollins v. Marsh*, 937 F.2d 134, 137-40 (5th Cir. 1991)). In *Crawford*, the Court affirmed the trial court's holding that the CSRA preempted the plaintiff's breach of contract claim against a federal employer. *Id.*; *see also Wheeler v. Potter*, No. 3:05-CV-265-M, 2007 WL 268777, at *3 (N.D. Tex. Jan. 30, 2007) (holding that CSRA preempts state-law breach of contract claims). Plaintiff failed to

---

(applying 12(b)(1) to CSRA preemption issue). Similarly, the Fifth Circuit has acknowledged a split in its panel decisions with respect to the appropriate rule when a plaintiff fails to exhaust. *See Pacheco v. Mineta,* 448 F.3d 783, 788 n.7 (5th Cir. 2006) ("There is disagreement in this circuit on whether a Title-VII prerequisite, such as exhaustion, is merely a prerequisite to suit, and thus subject to waiver and estoppel, or whether it is a requirement that implicates subject matter jurisdiction."). This issue appeared in the context of federal employment in *Vidal v. Chertoff* where the court assumed, *arguendo*, that the issue was not jurisdictional, but affirmed the Rule 12(b)(1) dismissal because the parties did not contest the point. No. 07-40705, 2008 WL 4280320, at *3 (5th Cir. Sept. 19, 2008) (slip opinion). Exhaustive analysis of this question would be an interesting exercise, but a poor use of judicial resources, because neither party presses the issue and it does not alter the Court's ruling. The Court would grant Defendant's motion under any of the available standards. *See, e.g., Crawford v. U.S. Dept. of Homeland Sec.*, 245 F. App'x 369, 374 (5th Cir. 2007) (applying 12(b)(1) to CSRA preemption issue and noting, but declining to answer, question with respect to correct standard where result would not change).

respond to this portion of Defendant's memorandum, and the Court concludes that Plaintiff's common law breach of contract claim is preempted by the CSRA.[2]

The CSRA does, however, allow Title VII claims against federal employers. *Rollins*, 937 F.2d at 140 (citing 5 U.S.C. § 2302(d)). In addition, specific regulations have been promulgated pursuant to Title VII that allow the pursuit of claims to enforce settlement agreements reached between federal employers and employees. Again, Plaintiff did not assert such a claim. However, in her response to the present motion, Plaintiff alternatively sought leave to pursue the alleged breach under Title VII. Even if the Court were to allow Plaintiff to expand her claim in this fashion, dismissal would still be appropriate due to her failure to first exhaust administrative remedies. *See Brown*, 425 U.S. at 831-32; *Porter v. Adams*, 639 F.2d 273, 276 (5th Cir. 1981).

The rules governing agency compliance with settlement agreements are found in 29 C.F.R. § 1614.504, which first states: "If the complainant believes that the agency has failed to comply with the terms of a settlement agreement or decision, the complainant shall notify the EEO Director, in writing, of the alleged noncompliance within 30 days of when the complainant

---

[2] Defendant also argued that the common law claims are preempted by Title VII and otherwise fall under the Tucker Act, 28 U.S.C. § 1491. Plaintiff disputed Title VII preemption but offered no relevant authority to support her position. Defendant's argument appears meritorious. *See Jackson v. Widnall*, 99 F.3d 710, 716 (5th Cir. 1996) ("[T]itle VII provides the exclusive remedy for employment discrimination claims raised by federal employees.") (citing *Brown v. Gen. Servs. Admin.*, 425 U.S. 820, 835 (1976)). As for the Tucker Act, Plaintiff contends, without contradiction in the Government's reply, that the claim falls below the jurisdictional threshold $10,000. This Court would therefore have concurrent jurisdiction with the Court of Federal Claims. *Orff v. United States*, 545 U.S. 596, 603 (2005) (citing § 1346(a)(2)).

knew or should have known of the alleged noncompliance." § 1614.504(a). Subparagraph (b) of the regulation states:

> The agency shall resolve the matter and respond to the complainant, in writing. If the agency has not responded to the complainant, in writing, or if the complainant is not satisfied with the agency's attempt to resolve the matter, the complainant may appeal to the Commission for a determination as to whether the agency has complied with the terms of the settlement agreement or decision. The complainant may file such an appeal 35 days after he or she has served the agency with the allegations of noncompliance, but must file an appeal within 30 days of his or her receipt of an agency's determination. The complainant must serve a copy of the appeal on the agency and the agency may submit a response to the Commission within 30 days of receiving notice of the appeal.

§1614.504(b). Failure to exhaust these requirements precludes suit in federal court. *See Medina v. Potter*, 92 F. App'x 608, 611-12 (10th Cir. 2004); *Sanders v. Reno*, 186 F.3d 684, 685 (5th Cir. 1999); *Milazzo v. Henderson,* No. 99-917, 1999 WL 461972, at *1-2 (E.D. La. July 2, 1999).

In response to Defendant's exhaustion argument, Plaintiff attached three letters that passed between her and the United States Postal Service. None of the letters establish that she provided written complaints to the EEO Director within 30 days of the various schedule changes alleged in her Complaint, and even if she did, the letters do not demonstrate that she complied with the appeal process outlined in §1614.504(b). However, Plaintiff suggests, without supporting authority, that the letters somehow show that Defendant duped her into believing that she had properly pursued these claims. The Court cannot accept this position. First, the letters themselves contradict the argument. Exhibit "B" is a December 6, 2005 letter from the Defendant which states: "Allegations of a breach of settlement are not investigated as part of a formal complaint." The letter then cites § 1614.504 and explains what is required. Even

5

assuming she was initially misled, these letters fail to demonstrate that she complied with §1614.504, to include the appeal requirements, after she received notice. Plaintiff offers no other record evidence demonstrating exhaustion. The Court therefore finds that Plaintiff failed to exhaust her administrative remedies and that the Defendant's motion should be granted.[3]

## IV.     Conclusion

The Court has considered and rejected the remaining arguments contained in Plaintiff's response and finds, for the reasons stated, that Defendant's motion [59] should be granted. A separate judgment will be entered pursuant to Rule 58 of the Federal Rules of Civil Procedure.

**SO ORDERED AND ADJUDGED** this the 7th day of October, 2008.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[3]It is not clear to the Court whether Plaintiff is trying to argue equitable tolling or some other equitable remedy. She never directly states her theory and offers no authority. Such issues are potentially tricky, but this record is not sufficient to defeat Defendant's motion for summary judgment. Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial. *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002)